November 8, 2011

**U.S. District Court for the District of Colorado**
**Clerk's Office**
Alfred A. Arraj United States Courthouse, Room A105
901 19th Street
Denver, Colorado 80294-3589

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV -9 2011

GREGORY C. LANGHA[M]
CL[ERK]

Craig Carter
Sr Security Specialist
1801 California St., 10th Floor
Denver, Colorado 80202
(303) 896-2522

Dear Mr. Carter,    CMA-MJW

I am writing in response to your letter dated October 21, 2011, regarding the subpoena for 11-cv-02163. I am objecting to this subpoena for several reasons. The stated IP address is for a work computer that is used by office staff and my college and future ex wife. There has always been unrestricted use of this computer for the last several years. Additionally there has been malicious activity on this computer during June and July of this year. As a result the computer became non functional and after several attempts to repair the system it was determined it was not repairable. The computer has since been replaced and I am now the only individual who is allowed access.

I am also including a copy of:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

Civil Action: 3:10-cv-92

This matter, in the state of West Virginia has been "Quashed" by John Preston Bailey, United States District Judge for "Does 2-118".

In light of the above noted U.S District court findings and the malicious activity on an unrestricted office computer that is longer functional, I am requesting that the customer information not be provided and that this IP address be removed from the subpoena list.

Sincerely,

Bill Anderson
1318 W Colorado Ave
Colorado Springs, CO 80904

Craig Carter
Sr Security Specialist
1801 California Street, 10th Flr
Denver, Colorado 80202
(303) 896-2522



Qwest CenturyLink™ One company, stronger connected.

Click for more information >

October 21, 2011

Bill Anderson
1318 W Colorado Avenue
Colorado Springs, CO 80904

Dear Bill Anderson:

It is CenturyLink's policy to notify our customers when we receive a subpoena requesting their records in a civil matter. CenturyLink protects its customers' privacy, but we are required to respond to lawful subpoenas for customer information unless otherwise ordered by the relevant court or regulatory body.

CenturyLink has been served with a subpoena from Jason Kotzker, of the law firm, Kotzker Law Group, regarding the civil case, **Patrick Collins, Inc., v. Does 1 – 33**. The subpoena requires CenturyLink to produce the name, address, user name, and activity log of the CenturyLink customer assigned the IP address **65.102.85.204 on 6/13/11 at 15:53 UTC.** CenturyLink's records reflect that you were assigned that IP address on the date and time specified.

CenturyLink is required by law to respond to the subpoena and furnish the records requested on or before **November 28, 2011.**

If you have any objections to the subpoena, please notify me as soon as possible of the objection, but no later than close of business on the above date. You will also need to file your objections with the court on or before the date specified to prevent the release of your records pursuant to the subpoena. The case in which the subpoena was issued is case number: **11-cv-02163, filed in the U.S. District Court for the District of Colorado.** For your reference, I am enclosing a copy of the subpoena issued to CenturyLink.

**If you have any questions regarding the subpoena, please direct your questions to attorney Jason Kotzker, of the law firm Kotzker Law Group at: (303) 875 5386.**

Regards,

Craig Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**PATRICK COLLINS, INC.,**

    Plaintiff,

v.                                                          CIVIL ACTION NO. 3:10-CV-92
                                                                (BAILEY)

**DOES 1-118,**

    Defendants.

## ORDER

Plaintiff Patrick Collins, Inc. is the alleged owner of the copyright of the hardcore pornographic film "Massive Asses 5." The plaintiff brought this suit for copyright infringement against John Does 1-118, individuals who allegedly illegally downloaded and distributed "Massive Asses 5." When the suit was filed, the plaintiff did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP) addresses of the computers associated with the infringement. To discover the actual names of the Doe defendants in this case, the plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses, and the ISPs gave notice to their customers of the subpoena.

Upon inspection of the Complaint [Doc. 1] in the above-captioned case, however, this Court now finds that the Doe defendants have been improperly joined. For the reasons outlined below, the Court finds that all defendants except Doe 1 should be **SEVERED** from this action.

## DISCUSSION

I. **Applicable Joinder**

Federal Rule 20(a)(2) of Civil Procedure allows a plaintiff to join multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

To remedy improperly joined parties, the court should not dismiss the action outright, but "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may act upon motion by a party or *sua sponte*. Id.

II. **Analysis**

In its Complaint, the plaintiff appears to allege that joinder is based upon the Does' use of some of the same ISPs and some of the same peer-to-peer ("P2P") networks to infringe the same copyright. (See [Doc. 1] at ¶¶ 3-5). "However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Laface Records, LLC, v. Does 1-38*, 2008 WL 544992, *2 (E.D. N.C. Feb. 27, 2008).

Moreover, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. See *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (*sua sponte* severing multiple defendant in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, 2004 U.S. Dist.

2

LEXIS 27782, *19 (M.D. Fla. Apr. 1, 2004 (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this Court finds that the defendants' alleged use of some of the same ISPs and P2P networks to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20.[1]

Further evidence of misjoinder is found in the undeniable fact that each defendant will also likely have a different defense. One district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

***BMG Music v. Does 1-203***, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004).

For this reason also, the Court finds joinder in this case improper. However, insofar as Rule 21 states that misjoinder of parties is not a ground for dismissing an action, this Court will not dismiss the Doe defendants. Instead, following Rule 21, this Court chooses the route of severance. In fact, this Court will sever all Doe defendants except Doe 1. *See* ***BMG Music v. Does 1-203***, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant). Because all claims except Doe 1, whose ISP is Charter Communications, will

---

[1] In fact, in this case the plaintiff alleges that ten (10) ISPs were used. (See [Doc. 1-1]. This allegation makes the propriety of joinder even more tenuous.

3

be severed from this action, the subpoenas served in this action pertaining to any other Doe defendant are no longer valid.

## CONCLUSION

For the foregoing reasons, the Court finds that:

1. All defendants except Doe 1 are hereby **SEVERED** from this action;

2. The subpoenas served on Charter Communications, Clearwire Corporation, Comcast Cable, Cox Communications, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Road Runner, and Verizon Internet Services in this action are hereby **QUASHED** as to the severed defendants, Does 2-118. In this regard, the plaintiff **SHALL NOTIFY** the recipients of these subpoenas that said subpoenas have been quashed.

3. Plaintiff Patrick Collins, Inc. **MAY**, within thirty (30) days, file individual amended complaints[2] and submit filing fees for those defendants against whom they wish to proceed;

4. Upon election to proceed, Plaintiff's Counsel **SHALL SUBMIT** to the Clerk of the Court filing fees for each of the amended complaints against John Does 2-118, which cases shall be assigned separate civil action numbers;

---

[2]These amended complaints shall proceed only against Does with IP addresses of computers located within the State of West Virginia. According to testimony presented to the Court, there is a publicly-available website that allows the plaintiff to determine the physical location of each Doe's computer at the time of the alleged copyright infringements. Specifically, Craig Goldberg, who supervises Time Warner Cable, Inc.'s subpoena compliance team, testified that the physical location of any IP address can be determined from a simple Google search. (Nov. 30, 2010, Hearing Transcript, at 21-26). Moreover, it appears to the Court that the search for Does from West Virginia can be narrowed by eliminating the Does with ISPs that do not provide internet service within the State.

5.  Civil Action No. 3:10-CV-92 **SHALL BE** assigned to John Doe No. 1 as an individual defendant. The actions against all other defendants will be deemed to have been filed as of September 24, 2010, the date of the filing of the original Complaint; and

6. The pending motion **[Doc. 6]**, as well as any filings that can be construed as motions, in Civil Action No. 3:10-CV-92 are hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and mail a certified copy to each interested party of record.

**DATED**: December 16, 2010.

```
                                    JOHN PRESTON BAILEY
                                    UNITED STATES DISTRICT JUDGE
```