**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

PATRICK COLLINS, INC.,

    Plaintiff,

vs.

JOHN DOES 1 - 33

    Defendants.

11-CV-02163-CMA-MJW

**DEFENDANT J. DOE #6's MOTION TO: (1) SEVER DEFENDANTS
FOR IMPROPER JOINDER, (2)TO STAY THE PROCEEDING
BASED ON MISJOINDER, (3)TO QUASH SUBPOENA OR, IN THE
ALTERNATIVE, (4) FOR PROTECTIVE ORDER**

Defendant, J. Doe #6 ("Defendant"), respectfully submits this Motion requesting that this Court (1) sever Defendants based on misjoinder, (2) stay the case pending resolution of misjoinder of Doe Defendants, and (3) quash the subpoena served upon Defendant's Internet Service Provider ("ISP"), Comcast, on October 11, 2011.

Alternatively, if the Court denies the motion to quash, Defendant requests that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enter a Protective Order prohibiting any party from publicly disclosing any information relating to Defendant that Plaintiff obtains via the subpoena, including requiring any pleadings filed in this action that contain Defendant's confidential information to be redacted and filed under seal to prevent public disclosure.

1

**FACTUAL BACKGROUND**

1.      On October 11, 2011, this Court issued an Order permitting Plaintiff to serve a Rule 45 subpoena on each defendant's internet service provider (ISP) seeking each defendant's true name, address, telephone number, e-mail address, and media access controls address.

2.      On October 11, 2011, Defendant's ISP, Comcast, was served with a subpoena issued from this Court and served in Denver, Colorado, that demanded that by November 17, 2011, Comcast produce to Plaintiff at Plaintiff's counsel's office in Colorado, the personal identifying information regarding Defendant in connection with Plaintiff's claim that Defendant allegedly illegally downloaded one pornographic film.

3.      Comcast sent written notice to Defendant on October 18, 2011 via US Mail.

4.      Comcast's October 18, 2011 letter stated that Comcast would provide the requested information to Plaintiff by November 17, 2011.  Comcast's letter further advised Defendant that if Defendant had any objections to the subpoena, Defendant needed to either hire an attorney to file those objections with this Court prior to November 17, 2011, or file them *pro se* by that same date.

**INTRODUCTION**

As previously described to this Court, the instant case is part of a systemic effort to build a business model based on alleged copyright infringement and extortion using our legal system. Based on the excessive number of pending, similar cases, treated in the same or similar manner by plaintiffs, it appears that there is no real intent to actually

litigate.[1] The scheme becomes more obvious when one looks to the actual number of defendants claimed in such actions versus the astonishingly low number of actions actually commenced.[2] Plaintiff and its counsel merely seek to take advantage of the threat of an award of statutory damages, attorneys fees, ignorance about defenses, and perhaps most importantly, the stigma which attaches to defendants when associated with illegally downloading pornographic films. In its following argument, Defendant asks this Court to sever and dismiss Defendant from the present suit, quash Plaintiff's subpoena, as well as prevent Plaintiff from filing other cases with extremely weak infringement positions in order to settle for less than the cost of defense, and have no intention of taking the case to trial. This practice is an abuse of the judicial system and threatens the integrity of and respect for the courts.

Plaintiffs in these types of cases also disregard both substantive and procedural safeguards, implemented by federal law, in order to protect potential defendants. Here, Plaintiff has disregarded basic Federal Rules of Civil Procedure. For example, Plaintiff's counsel has misjoined all thirty-three (33) Doe Defendants in the present case. Further, based on his previous experience with matters in this very Court, Plaintiff's counsel has shown that if defense counsel challenged joinder, he would simply dismiss the case against Defendant to, presumably, file later. This, has resulted in the avoidance of judicial review of the critical joinder issue altogether, especially since this Court has

---

[1] In fact, undersigned counsel has been personally retained in two separate cases that Plaintiff voluntarily dismissed claims against other defendants because, ostensibly, they were willing to fight these accusations.

[2] As of March 2011, more than 136,000 Does claimed as Defendants in such actions, however, the number of actual copyright infringement actions commenced was less than 100. See *Wired Magazine's* spreadsheet prepared from existing federal court data at: http://www.wired.com/images_blogs/threatlevel/2011/03/spreadsheet-fslit-current-v1.2.01.xls.

issues Orders in various cases demanding that Plaintiff explain his purposes for joinder. This Court should not allow such flagrant disregard for procedural safeguards established by Federal Law.

Further, Plaintiff's subpoena violates Federal Law. The technology utilized to identify Defendant is in no way a reasonable measure to ensure Defendant actually illegally downloaded a movie. Plaintiff's subpoena also impermissibly subjects Defendant to unwarranted annoyance, embarrassment, and oppression. Accordingly, the subpoena must be quashed to avoid considerable injustice. If the Court denies Defendant's request that the Court quash the subpoena, Defendant alternatively asks that the Court issue a Protective Order to protect Defendant from undue hardship, annoyance, embarrassment, and oppression.

## LEGAL STANDARDS

### I. PERMISSIVE JOINDER

Federal R. Civ. Pro. 20(a)(2) sets forth requirements for permissive joinder. Pursuant to Federal R. Civ. Pro. 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Expressly, Fed R. Civ. Pro. 20(a)(2) is "designed to promote judicial economy and convenience." *Hard Drive Productions, Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 16. See also *Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33. Federal R. Civ. Pro. 20 further provides that upon finding misjoinder of parties, upon

motion or upon its own, a court may, at any time, add or drop a party. The Court may also sever any claim against a party.

With respect to joinder in BitTorrent technology cases, numerous courts have dealt with the issue, and many courts offer on-point guidance for this Court. The Northern District of California has repeatedly held that the use of BitTorrent is insufficient to satisfy the requirements of Rule 20(a), despite the fact that defendants are part of a single swarm. *See* 2011 U.S. Dist. LEXIS 94319 at 19. One District Court recently acknowledged that:

> [T]he plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in proving their cases. And, while the courts favor settlements, filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for.

*IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at 6 (N.D.Cal. Feb. 3, 2011). See also *LaFace Records LLC v. Does 1-38,* 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992 at 1 (rejecting Plaintiff's argument that copyright infringement claims did not arise out of the same transaction, occurrence, or series of transactions…because each defendant used the same ISP as well as the same P2P networks); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782, at 2 (holding improper joinder although defendants were alleged to have disseminated the plaintiffs' copyrighted works through the same P2P network); *Elektra Entertainment Group, Inc. v Does 1-9,* 2004 U.S. Dist. LEXIS 23560, 2004 WL 2095581, at 1 (finding the mere use of the same P2P protocol was insufficient to establish the plaintiff's copyright infringement claims were logically related for purposes of Rule 20(a)(2)); *Fonovisa, Inc. v. Does 1-9,* 2008 U.S. Dist LEXIS 27170, 2008 WL 919701 (finding

5

joinder improper because of the different factual contexts of the alleged infringement for each defendant and absence a showing of any evidence showing joint action by defendants, other than their use of the same P2P network to access copyrighted recordings).

## II.   DISCRETIONARY SEVERANCE

Even if Federal R. Civ. Pro. 20(a)'s requirements are met, "a District Court must examine whether permissive joinder would comport with the principals of fundamental fairness or would result in prejudice to either side." 2011 U.S. Dist. LEXIS 94319, 17. *See also Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375). Further, pursuant to Federal R. Civ. Pro. 20(b), a district court is permitted to sever claims or parties where, "[i]nstead of making the resolution of the case more efficient…joinder would instead confuse and complicate the issues for all parties involved.

In a similar case involving BitTorrent downloading, Hard Drive Productions v. Does 1-188, the Court found that permitting joinder was not only impermissible, but would undermine the purpose of Rule 20(a)'s purpose promoting judicial economy and trial convenience. The Court reasoned that permitting joinder would result in a "logistically unmanageable case," would compel the Court to address unique defenses and thereby create a series of mini-trials, would not conform with notions of fundamental fairness, and would "likely cause prejudice to putative defendants. 2011 U.S. Dist. LEXIS 94319, 40-41.

III. **DISCRETION TO STAY PROCEEDING**

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 U.S. Dist. LEXIS 62160, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (unpublished decision) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). However, when applying for a stay, "a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Ben Ezra*, 206 F.3d at 987 (quoting *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1985)

IV. **AUTHORITY TO QUASH SUBPOENAS**

Pursuant to Rule 45(c)(3), a court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden." A court may modify or quash a subpoena that, *inter alia*, requires disclosing confidential information.

Moreover, Federal R. Civ. P. 26(c)(1) provides that, "a party or person from whom discovery is sought may move for a protective order where the action is pending…The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden, or expense, including…forbidding the disclosure or discovery."

Last, Federal R. Civ. P. 26(c)(1), instructs that court to limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure, or by local rule, if it determinates that…the burden or expense of the proposed discovery

7

outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the issues at stake in the action, and the importance of discovery in resolving the issues.

## V. STANDING

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. *See Washington v. Thurgood Marshall Acad.,* 230 F.R.D. 18, 21 (D.D.C. 2005).

## ARGUMENT

### I. PLAINTIFF'S SUBPOENA SHOULD BE QUASHED AND CLAIMS ASSERTED AGAINST J. DOE #6 SHOULD BE DISMISSED BECAUSE JOINDER OF DEFENDANTS IS IMPROPER.

#### A. Plaintiff Fails to Show that Claims Arise Out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences as Required by Federal R. Civ. Pro. 20(a) for Joinder

Defendant must be severed and dismissed because joinder is improper under Federal R. Civ. Pro. 20(a). The claims against Defendant (as well as those asserted by other Doe Defendants) qualify as a unique case, and are inappropriate to join because each Doe has separate network configuration hardware and varying ISPs, which requires individual investigation and give rises to separate and individual defenses.

Specifically, Plaintiff has failed to meet requisite elements of joinder under Federal R. Civ. Pro. 20(a). First, in Plaintiff's complaint, Plaintiff erroneously asserts that each defendant is jointly and severally liable for the infringing activities of each other defendant, the infringement complained of was part of a series of transactions, and was accomplished by defendants acting in concert with another. In fact, Doe Defendants 1-

33 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences, as required for joinder. Doe Defendants 1-33 also did not act in concert with one another. The mere fact that any of the Doe Defendants may have clicked on a command to participate in the BitTorrent network does not mean that each was part of the downloading done by hundreds or thousands of individuals. Moreover, there is no certainly whatsoever that defendants were physically present at the same day and time; in fact, the likelihood of this happening is nearly impossible. Plaintiff itself indicates that Doe Defendants downloaded the subject intellectual property at different times and dates. Plaintiff therefore fails to show that claims against each Doe Defendant arose out of the same transaction, occurrence, or series of transactions or occurrences, and therefore, Defendants must be severed and dismissed.

### B. Even if Plaintiff Has Met Requirements Under Federal R. Civ. Pro. 20(a), This Court Should Exercise Its Discretion to Sever and Dismiss All Doe Defendants

Even assuming that Plaintiff has met requirements set forth under Federal R. Civ. Pro. 20(a), the Court should sever and dismiss all Doe Defendants. Permitting joinder of Doe Defendants 1-33 would result in a legal free-for-all, in which Defendants would be forced to tie this matter up in motions practice for the foreseeable future.  Permitting joinder would defeat the purpose underlying Rule 20(a), judicial economy, because the court would be unable to accommodate all thirty-three (33) defendants and their attorneys, and in particular, could not try all defendant's claims together. Rather, the Court would forced to address each defendant's unique defenses, thereby resulting in a series of mini-trials. Further, joinder does not comport with fundamental fairness and

would severely prejudice defendants. Recently, in an analogous case, the court in *Hard Drive Productions* provides illustration of the effect of improperly trying all defendants together:

> For example, even though they [the defendants] may be separated by many miles, and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be preset and address the court at each case management conference or other event. Finally, each defendant's defense, would in effect, require a mini-trial.

2011 U.S. Dist. LEXIS 94319, 41-42. While *Hard Drive Productions* involved 188 defendants, the net effect would be the same. This Court should not permit Plaintiff to proceed against all thirty-three unique and individual defendants together, and instead should exercise its discretion to sever and dismiss all defendants.

## II. THIS COURT SHOULD EXERCISE ITS DISCRETION AND STAY PROCEEDINGS PENDING RESOLUTION OF JOINDER IN THE PRESENT CASE

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. See *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 U.S. Dist. LEXIS 62160, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (unpublished decision), and should exercise its broad discretion in the instant case. Defendant requests that the Court stay the proceeding pending resolution of joinder, as Defendants would suffer gross inequity and hardship if the Court fails to do so. Plaintiff's counsel has made it clear that it would voluntarily dismiss Defendant and re-file its case individually. The effect would be that Plaintiff would effectively evade

judicial review of the instant issue. Defendant asks that the Court take into consideration that joinder is critical to consideration of Defendant's arguments, and Defendant believes that it and all Doe Defendants would suffer hardship and injustice if misjoinder were not addressed as a preliminary matter.

### III. PLAINTIFF'S SUBPOENA MUST BE QUASHED

#### A. Defendant Has Standing to Challenge the Subpoena Because Defendant Has a Personal Interest in the Subpoenaed Matter

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. *See Washington v. Thurgood Marshall Acad.,* 230 F.R.D. 18, 21 (D.D.C. 2005).  Here, because the subpoena issued to Comcast seeks Defendant's name, addresses, telephone numbers, e-mail addresses, etc., Defendant undoubtedly has a "personal interest" in the information sought by the subpoena. Accordingly, Defendant has standing to challenge the subpoena.

#### B. The Subpoena Must be Quashed on the Basis of Unreliability of IP Address and MAC Address Tracking Technology and on the Basis that Plaintiff Cannot Determine the Actual Identity of the Individual Responsible for the Download.

Plaintiff's subpoena must be quashed because the technology utilized to identify individual defendants for the alleged copyright infringement is unreliable. More specifically, there is not only software capable of impersonating and/or of falsifying an IP address, but MAC address tracing software is unreliable because the software is incapable of detecting MAC addresses. Furthermore, most ISPs do not store MAC address data and they have no ability to detect MAC addresses that have been falsified. Because the technology utilized by Plaintiff to "identify" Defendant is undoubtedly

unreliable, Plaintiff is surely incapable of accurately verifying individuals who download copyrighted material, and from where the material is downloaded. The IP addresses indicated on Plaintiff's subpoenas, are unreliable and thus, the subpoenas cannot be based on such.

Not only is the technology used to identify Defendant unreliable, it is not reasonable to assume that Defendant actually downloaded the pornographic film. When an "unsecured" – i.e., not protected by a password – wireless Internet connection exists, multiple individuals can access one discrete IP address at any one time. Therefore, anyone in a surrounding structure, or even in a vehicle driving in the vicinity, could access Defendant's IP address and download material onto a remote computer. Further, when a "secured" wireless Internet connection exists, it is not reasonable to assume that only one individual knows the password. As such, Plaintiff cannot possibly verify which individual, or individuals, actually accessed copyrighted material, and onto which computer the material was downloaded. Therefore, the subpoenas are unreliable, and must be quashed.

### C. The Subpoena Should Be Quashed to Protect Defendant From Unreasonable Annoyance, Embarrassment, and Oppression.

The subpoena must be quashed to prevent Defendant from suffering unwarranted annoyance, embarrassment, and oppression, or otherwise, suffering an undue burden. *See* Federal R. Civ. Pro. 45(c)(3)(A)(iv). Plaintiff currently seeks Defendant's identifying information so that Plaintiff bully and embarrass Defendant, even though there is no actual evidence Defendant owner of the IP address actually downloaded anything. Permitting Plaintiff's subpoena causes an undue annoyance,

embarrassment, and oppression that would result if Defendant's personal identifying information were associated, without sufficient evidentiary support, of downloading pornographic films. Such association would be highly embarrassing to Defendant, unjustifiably stigmatizing to Defendant, and injurious of the Defendant's reputation. Moreover, even after Defendant will show that Plaintiff's allegations in this suit are false, embarrassment and humiliation from Plaintiff's false public claim will still persist. The Court can prevent Defendant from being unjustly harmed and embarrassed by quashing this subpoena.

### IV. IF THE SUBPOENA IS NOT QUASHED, THIS COURT A PROTECTIVE ORDER IN THE ALTERNATIVE.

Although the subpoena should be quashed in its entirety for the reasons set forth above, in the event that the Court denies Defendant's motion to quash, Defendant respectfully requests that the Court simultaneously enter a protective order prohibiting the public disclosure of any confidential information relating to Defendant. Under Rule 26(c), this Court may issue such a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure [and] limiting the scope of disclosure . . . as to certain matters." Fed. R. Civ. P. 26(c)(1)(B), (D).

Here, if the Court does not quash Plaintiff's subpoena, the Court should enter a protective order prohibiting the public disclosure of any of Defendant's personal information. At a minimum, the protective order should protect Defendant's identifying information from becoming part of the public record. Such an order is necessary to prevent Defendant from suffering undue annoyance, embarrassment, and oppression that would result if Plaintiff continues to pursue this lawsuit against Defendant.

Moreover, even after Defendant will show that Plaintiff's allegations in this suit are false, embarrassment and humiliation from Plaintiff's false public claim will still persist. By entering the requested protective order in the event that the subpoena is not quashed, this Court can prevent Defendant from being unjustly harmed and embarrassed without hindering Plaintiff's ability pursue its lawsuit.

Accordingly, if the Court does not quash Plaintiff's subpoena, the Court should enter a protective order: (A) prohibiting the public disclosure of any information relating to Defendant; and (B) requiring any party filing a pleading in this action containing or referencing any information relating to Defendant produced in response to the subpoena to redact that information from the version of the pleading that is publicly filed and file an unredacted version of the pleading with the Court under seal.

## **CONCLUSION**

WHEREFORE, for the above stated reasons, Defendant respectfully requests that the Court enter an Order severing Defendants for improper joinder, stay the proceeding pending resolution of misjoinder, and quash the October 11, 2011 subpoena issued to Defendant's ISP, Comcast. In the alternative, if the Court does not quash the subpoena, Defendant respectfully requests that the Court enter a protective order prohibiting the public disclosure of any of Defendant's confidential information obtained through the subpoena, including requiring that any pleadings filed in this action that contain such confidential information be redacted or filed under seal.

DATED THIS 15TH DAY OF NOVEMBER, 2011

        Respectfully submitted,

        */s/ Stewart D. Cables*

        Stewart D. Cables, Atty. Reg. #38583
        for Hassan and Cables, LLC
        1035 Pearl St. Suite 200
        Boulder, CO 80302
        p.  303-249-9994
        f.   303-957-1971
        stewart@hassancables.com

        ATTORNEY FOR DEFENDANT J. DOE #6

## **PROOF OF SERVICE**

I hereby certify that the foregoing document was served on counsel for Plaintiff, Jason Kotzker, Kotzker Law Group, via the CM/ECF system on the 15th day of November, 2011.

        */s/ Stewart D. Cables*

        Stewart D. Cables, Atty. Reg. #38583
        for Hassan and Cables, LLC
        1035 Pearl St. Suite 200
        Boulder, CO 80302
        p.  303-249-9994
        f.   303-957-1971
        stewart@hassancables.com

        ATTORNEY FOR DEFENDANT J. DOE #6