IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02163-CMA-MJW

PATRICK COLLINS, INC.,

Plaintiff,

v.

DOES 1-33,

Defendants.

---

**ORDER REGARDING:**
**[1] DEFENDANT [DOE #6]  MOTION TO (1) SEVER DEFENDANTS FOR IMPROPER JOINDER, (2) STAY THE PROCEEDINGS BASED UPON MISJOINDER, (3) TO QUASH THE SUBPOENA OR IN THE ALTERNATIVE , (4) FOR PROTECTIVE ORDER [DOCKET NO. 20];**

**[2] DEFENDANT'S [DOE #20] EMERGENCY MOTION FOR PROTECTIVE ORDER [DOCKET NO. 26];**

**[3] PRO SE DEFENDANT'S [DOE #2] MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS [DOCKET NO. 18];**

**AND**

**[4] DEFENDANT DOE #20 MOTION FOR EXTENSION OF TIME TO REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S COMBINED MOTION [DOCKET NO. 34]**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on [1] Defendant's [Doe #6] Motion to (1) Sever Defendants for Improper Joinder, (2) Stay Proceedings Based Upon Misjoinder, (3) to Quash the Subpoena or in the Alternative, (4) for Protective Order [docket no. 20]; [2] Defendant's [Doe #20] Emergency Motion for Protective Order [docket no. 26];

2

[3] Pro Se Defendant's [Doe #2] Motion to Quash or Modify Subpoena and Motion to Dismiss [Docket no. 18]; and [4] Defendant Doe #20 Motion for Extension of Time to Reply to Plaintiff's Memorandum in Opposition to Defendant's Combined Motion [docket no. 34].

The court has reviewed the above motions [docket nos. 20, 26, 18, and 34] and the responses [docket nos. 24, 28, and 33] thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Fed. R. Civ. P. 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. It is the Defendant's burden to establish sufficient "good cause." Nestle Foods Corp. v. Aetna Cas. & Surety Co., 129 F.R.D. 483, 484 (D.N.J. 1990); United States v. Hooker Chems. & Plastics Corp., 90

3

F.R.D. 421, 425 (W.D.N.Y 1981);

5. That courts must be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role. See American Family Mut. Ins. Co. v. Minor, 2007 WL 4365694, * 1 (D. Colo. Dec. 10, 2007). Last, the decision to issue a protective order rests within the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990);

6. That discovery in this case should be limited to this litigation only and for no other purpose;

7. That "good cause" has been shown by Defendant Does #2, #6, and #20, and in the court's discretion, a protective order should issue that restricts access to confidential information that Comcast is producing to Plaintiff in response to Plaintiff's subpoenas concerning Defendant Does #2 , #6, and #20 at this stage of the litigation; and

8. That staying discovery pending the outcome of motions determining preliminary matters raises issues "of pretrial management and judicial efficiency that fall within [the] court's discretion." Greeley Pub. Co. v. Hergert, 233 F.R.D. 607, 612 (D. Colo. 2006). In String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 (D. Colo. Mar. 30, 2006), former Magistrate Judge Coan applied the following analysis, in which she weighed the following interests: (1) plaintiff's interests in proceeding expeditiously with the civil action

4

and the potential prejudice of a delay, (2) the burden on defendants, (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Id. at *2 (citing FDIC v. Renda, 1987 WL 348645, at *2 (D. Kan. Aug. 6, 1987)).

After taking into consideration those factors listed above, this court finds that the interest of justice requires that this case go forward with discovery. Defendant Does #2, #6, and #20 have failed to demonstrate a likelihood of prevailing on the pending misjoinder arguments contained their motions (listed above). Such portion of these motions concerning the misjoinder issue are currently pending before and will be ruled on by Judge Arguello who will be ruling on that same, identical issue concerning misjoinder in the companion cases that are pending before this court. See companion cases 11-cv-01655-CMA-MJW, K-Beech, Inc. v. John Does 1-20; 11-cv-02162-REB-MJW, Raw Films, Ltd. v. John Does 1-24; 11-cv-02164-CMA-MJW, Patrick Collins, Inc. v. John Does 1-15; 11-cv-02370-CMA-MJW, K-Beech, Inc. v. John Doe; 11-cv-02371-CMA-MJW, K-Beech, Inc. v. John Doe; 11-cv-02372-CMA-MJW, K-Beech, Inc. v. John Doe; 11-cv-02701-CMA-MJW, Patrick Collins, Inc. v. John Doe; 11-cv-02702-WYD-MEH, Patrick Collins, Inc. v. Kristin Hansen; 11-cv-02703-REB-CBS, Patrick Collins, Inc.

v. John Doe; and 11-cv-02704-REB-CBS, Patrick Collins, Inc. v. John Doe.  Moreover, Plaintiff would be prejudiced by a stay in discovery since this case is set for a Rule 16 Scheduling Conference on January 31, 2012, at 9:00 a.m.  Furthermore, there has been no evidence presented to suggest that any prejudice to any third party would be incurred if discovery goes forward.  Lastly, it is in the public interest to resolve civil disputes quickly and timely.

### ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's [Doe #6] Motion to (1) Sever Defendants for Improper Joinder, (2) Stay Proceedings based upon Misjoinder, (3) to Quash the Subpoena or in the Alternative, (4) for Protective Order [docket no. 20] is GRANTED IN PART, DENIED IN PART, and the Court DECLINES TO RULE IN PART.  The portion of this motion seeking a protective order of confidential information is GRANTED as outlined further below in paragraph number four. The portion of this motion seeking a stay of the proceedings and to quash subpoena is DENIED.  This court DECLINES TO RULE on the portion of the motion seeking severance of defendants based upon misjoinder since this issue will be ruled upon by Judge Arguello;

6

2. That Defendant's [Doe #20] Emergency Motion for Protective Order [docket no. 26] is GRANTED. Paragraph four below shall apply to the confidential information received by Plaintiff concerning Defendant Doe #20 from the ISP Provider;

3. That the Pro Se Defendant's [Doe #2] Motion to Quash or Modify Subpoena and Motion to Dismiss [Docket no. 18] is DENIED IN PART and the Court DECLINES TO RULE IN PART. The portion of this motion seeking quashing of the subpoena is DENIED. Paragraph four below shall apply to the confidential information received by Plaintiff concerning Defendant Doe #2 from the ISP Provider. This court DECLINES TO RULE on the portion of the motion seeking severance of defendants based upon misjoinder [which is included in the motion to dismiss portion of docket no. 18] since this issue will be ruled upon by Judge Arguello;

4. That if any party seeks to file with the court any confidential information that the ISP Provider produces to Plaintiff in response to Plaintiff's subpoenas concerning Defendant Does #2, #6, and #20, then such party shall first comply with D.C.COLO.LCivR 7.2;

5. That Defendant Doe #20 Motion for Extension of Time to Reply to Plaintiff's Memorandum in Opposition to Defendant's Combined Motion [docket no. 34] is DENIED; and

6. That each party shall pay their own attorney fees and costs for this

motion.

Done this 4th day of January 2012.

BY THE COURT

<u>s/ Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE