IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02163-CMA-MJW

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOES 1-33,

    Defendants.

## ORDER REGARDING MOTIONS TO SEVER

Plaintiff Patrick Collins, Inc., filed this suit against thirty-three unnamed defendants (the "Doe Defendants"),[1] alleging that the Doe Defendants committed direct and contributory copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101-1332. (Doc. # 1.) Two of the Doe Defendants have filed motions in which they argue that they have been improperly joined.[2] (Doc. ## 18, 20.) Plaintiff responded to these motions on November 30, 2011 and December 6, 2011, respectively.[3] (Doc. ## 24, 28.) Having reviewed the parties' arguments and relevant case law, the Court declines to sever the case at this stage of the litigation.

---

[1] Plaintiff has settled with Doe Defendants ## 9, 10, 20 and 22, and they have been dismissed from the action with prejudice. (Doc. ## 23, 31, 48.)

[2] These two motions also contained other requests for relief. On January 4, 2012, United States Magistrate Judge Michael J. Watanabe issued an order regarding the other requests in these two motions, but declined to rule on the issue of joinder. (Doc. # 39.) Nothing in this Order should be construed to disturb any of Magistrate Judge Watanabe's rulings in his January 4, 2012 order.

[3] Prior to Plaintiff's responses, Plaintiff also filed a "Memorandum Demonstrating Why Joinder is Proper." (Doc. # 15.)

## I. BACKGROUND

Plaintiff alleges that the Doe Defendants unlawfully reproduced and distributed copies of Plaintiff's copyrighted video entitled "Party Girls" ("the Work"), using BitTorrent technology.  As one court has explained, BitTorrent is:

> a centralized method of distributing data.  Since its release approximately 10 years ago, BitTorrent has allowed users to share files anonymously with other users.  Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file.  When using the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.  In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers."  The group of peers involved in downloading/distributing a particular file is called a "swarm."  A server which stores a list of peers in a swarm is called a "tracker."  A computer program that implements the BitTorrent protocol is called a BitTorrent client.

*First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 255 (N.D. Ill. 2011) (citations omitted).  Plaintiff alleges that each Doe Defendant installed a BitTorrent Client onto his or her computer, used the Client to download/distribute the Work, and entered the exact same swarm to download/distribute the Work.  (Doc. # 1.)  Plaintiff has yet to serve any of the Doe Defendants and they remain, to date, unnamed.[4]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 20(a)(2) sets forth the requirements for permissive joinder of defendants.  Joinder is proper under Rule 20(a)(2) if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to

---

[4] Magistrate Judge Watanabe has ordered Plaintiff to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failing to serve the defendants and failure to prosecute.  (Doc. # 53.)

or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In addition to the two requirements specified in Rule 20(a)(2), the Court also considers "whether joinder would prejudice any party or result in needless delay." *First Time Videos*, 276 F.R.D. at 257. The, the Court may exercise discretion in determining whether to sever defendants, "and this determination includes consideration of judicial economy and efficiency." *Voltage Pictures, LLC v. Does 1-5,000*, --- F. Supp. 2d ---, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011).

The permissive joinder rule is construed liberally in order "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010). As the Supreme Court has instructed, the impulse under the Federal Rules of Civil Procedure is for courts to entertain "the broadest possible scope of action consistent with fairness to the parties"; thus, "joinder of claim, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

The Court observes that the remedy for misjoinder under Federal Rule of Civil Procedure 21 is not dismissal of the action. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.") Instead, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.*

### III. ANALYSIS

The first requirement for permissive joinder is that Plaintiff's claims against the Doe Defendants "arise[] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts employ a case-by-case approach to determine "whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20." *Jacobs v. Watson Pharm., Inc.*, No. 10-CV-120, 2011 WL 2216257, at *2 (N.D. Okla. June 7, 2011) (unpublished). The "same transaction or occurrence" phrase is "flexible, contemplating 'a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *SEC v. Woodruff*, 778 F. Supp. 2d 1073, 1098 (D. Colo. 2011) (quoting *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004)).

In its Complaint, Plaintiff asserts that "each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions." (Doc. # 1, ¶ 32.) Plaintiff has provided enough specificity to make a preliminary determination that the Doe Defendants were part of the same swarm. Reviewing Exhibit A attached to Plaintiff's Complaint, Plaintiff has provided an identical hash number for each of the Doe Defendants. (Doc. # 1-1.) The hash number (an alphanumeric representation of a digital file) associated with a torrent file remains the same within a particular swarm. *See Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-2766, 2011 WL 4407172, at *6 (N.D. Cal. Sept. 22, 2011) (unpublished). The fact that each putative defendant's

alleged infringing activity had the same hash number supports Plaintiff's allegation that the Doe Defendants all participated in the same swarm. The nature of the BitTorrent protocol requires concerted action by peers in order to disseminate files, such as the Work, and the Doe defendants allegedly engaged in this concerted action by entering and contributing to the same swarm. *See First Time Videos*, 276 F.R.D. at 257.

Based on these allegations, Plaintiff's claims against the putative defendants are logically related.[5] As one court put it, "it is difficult to see how the sharing and downloading activity [of individuals using the BitTorrent protocol in the same swarm] could **not** constitute a 'series of transactions or occurrences' for purposes of Rule 20(a)." *Digital Sin, Inc.,* 2012 WL 263491, at *5 (emphasis in original). *See also MGCIP v. Does 1-316*, 10 C 6677, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011) (unpublished) ("[G]iven the decentralized nature of BitTorrent's file-sharing protocol – where individual users distribute the same work's data directly to one another without going through a central server – the [c]ourt finds that sufficient facts have been plead to support the joinder of the putative defendants at this time."); *Patrick Collins, Inc. v. Does 1-2,590,* 2011 WL 4407112, at *6 ("[p]laintiff has at least presented a reasonable basis

---

[5] Numerous district courts have recently considered the propriety of joining multiple defendants in copyright infringement cases where it is alleged that the defendants participated in the same swarm using the BitTorrent protocol. *See MCGIP, LLC v. Does 1-149*, No. C 11-02331, 2011 WL 3607666, at *3 (N.D. Cal. Aug. 15, 2011) (listing cases) (unpublished). Some courts, almost exclusively in the Northern District of California, have found misjoinder in analogous cases. *See id*. However, the "overwhelming majority of courts have denied as premature motions to sever prior to discovery." *First Time Videos*, 276 F.R.D. at 258 (listing cases). *See also Digital Sin, Inc., v. Does 1-176*, No. 12-CV-00126, 2012 WL 263491, at *5 (S.D.N.Y. Jan. 30, 2012) (unpublished); *Patrick Collins, Inc. v. Does 1-2,590*, 2011 WL 4407172, at *7; *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 342 (D.D.C. 2011); *Voltage Pictures, LLC v. Does 1-5,000*, 2011 WL 1807438, at *8.

to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of 'same transaction, occurrence, or series of transactions or occurrences' for purposes of Rule 20(a)(1)(A).").

The second requirement for permissive joinder under Rule 20(a)(2) is that Plaintiff's claims against the Doe Defendants involve a common question of law or fact. Plaintiff's claims satisfy this requirement as well.  For example, to recover against each putative defendant, Plaintiff will need to establish that it is the owner of the Work, that "copying" has occurred within the meaning of the Copyright Act, and that entering a swarm constitutes a willful act of infringement.  *See First Time Videos*, 276 F.R.D. at 257-58.  Moreover, Plaintiff alleges that the Doe Defendants utilized the same BitTorrent protocol to download/distribute the Work; consequently, there exist common factual issues regarding "how BitTorrent works and the methods used by Plaintiff to investigate, uncover, and collect evidence about the infringing activity."  *Patrick Collins, Inc. v. Does 1-2,590*, 2011 WL 4407172, at *6.  Although it is conceivable that individual Doe Defendants may assert different factual and legal defenses at a later point, "that does not defeat, at this stage of the proceeding, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)."  *Call of the Wild Movie*, 770 F. Supp. 2d at 343.

Finally, the Court must consider whether joinder will prejudice the parties or result in needless delay.  The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency.  *See id.* at 344 ("joinder in

6

a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants.")

Here, Plaintiff has not yet completed service on any of the Doe Defendants. If the Court were to sever the Doe Defendants at this juncture, Plaintiff would face significant obstacles in its efforts to protect the Work from copyright infringement, which would only needlessly delay the suit.  Furthermore, Plaintiff would need to file individual cases, which would require Plaintiff to pay the Court separate filing fees in each case, further limiting its ability to protect its legal rights.  *See* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding.").  Thus, Plaintiff would be substantially prejudiced by severance.

Significantly, at this stage of the litigation, the Doe Defendants are also not prejudiced by joinder.  Because Plaintiff has not yet completed service on any putative defendant, the Doe Defendants are identified only by their internet protocol addresses and are not required to respond to Plaintiff's allegations or assert any defenses. Additionally, rather than result in needless delay, joinder of the Doe Defendants "facilitates jurisdictional discovery and expedites the process of obtaining identifying information, which is prerequisite to reaching the merits of [Plaintiff's] claims."  *Voltage Pictures*, 2011 WL 1807438, at *7.  Therefore, the Court concludes that joinder under Rule 20(a)(2) is proper at this juncture.

The Court reaches its conclusion fully aware of the numerous logistical and administrative challenges inherent in a case with this many putative defendants, many of whom may proceed *pro se*. Severing the putative defendants may, at a later date, become necessary due to logistical concerns or upon a showing of prejudice by any of the putative defendants. *See Hard Drive Prods., Inc. v. Does 1-188*, --- F. Supp. 2d ---, 2011 WL 3740473, at *14 (N.D. Cal. Aug. 23, 2011) (explaining how joinder of 188 defendants would "result in a logistically unmanageable case" and would cause substantial prejudice to the defendants). However, at this stage of the litigation, "severing the putative defendants . . . is no solution to ease the administrative burden of the cases." *Patrick Collins, Inc. v. Does 1-2,590*, 2011 WL 4407172, at *7. Thus, the Court declines to sever any of the Doe Defendants from the action at this time.

## IV.  CONCLUSION

Accordingly, it is ORDERED that the motions to sever (Doc. ## 18, 20) be DENIED WITHOUT PREJUDICE insofar as they request the Court to sever Doe Defendants 2-33 from this action.

DATED:  February __08__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge